UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY DEMARIO BATTS,

           Petitioner,           Case No. 22-12768

v.                                    HON. MARK A. GOLDSMITH

JOHN CHRISTENSEN,[1]

           Respondent.
_____/

**OPINION & ORDER
(1) GRANTING RESPONDENT'S MOTION TO DISMISS (Dkt. 15), (2) DISMISSING WITHOUT PREJUDICE THE PETITION FOR HABEAS CORPUS, (3) DENYING AS MOOT PETITIONER'S MOTION TO NULLIFY ERROR (Dkt. 9) AND PETITIONER'S MOTIONS FOR EVIDENTIARY HEARING (Dkts. 10, 12), (4) DENYING PETITIONER'S MOTION FOR RELEASE FROM CUSTODY (Dkt. 18), (5) DENYING A CERTIFICATE OF APPEALABILITY, AND (6) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Randy Demario Batts filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Batts is serving a lengthy prison sentence for his Wayne Circuit Court second-degree murder conviction. The habeas petition presents seven grounds for relief, the last three of which have not been exhausted in the state courts. Before the Court are several motions. Respondent filed a motion to dismiss the case on lack of exhaustion grounds (Dkt. 15). Petitioner filed a motion to "nullify error" (Dkt. 9), two motions for an evidentiary hearing (Dkts. 10, 12), and a motion for release from custody (Dkt. 18). Because the petition contains unexhausted claims that are before

---

[1] The Court amends the caption to name John Christensen, the Warden of Petitioner's current facility as the proper Respondent. See Edwards v. Johns, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006).

the state courts on collateral review, the Court grants Respondent's motion to dismiss and dismisses the case without prejudice. The Court denies the remaining motions.

## I. BACKGROUND

On July 20, 2015, after a trial that ended with a hung jury, Petitioner pled guilty to second-degree murder in the Wayne Circuit Court. He was sentenced to 24-60 years in prison.

Following sentencing, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals that raised four claims:

> I. Manslaughter is a lesser included offense of murder and an offense is manslaughter instead of murder when the killing was accomplished without malice. There was insufficient evidence to show Batts committed a murder and the jury would not have been hung had the trial court properly instructed on manslaughter, causing a mistrial that was not based on manifest necessity, resulting in a double jeopardy violation.
>
> II. While juries are not held to rules of logic, or required to explain their decisions, a judge is not afforded the same lenience. The trial court should never have accepted the no contest plea on the basis of lack of memory due to intoxication when Batts had testified in detail about his involvement (or lack thereof) in the murder and the court had previously determined his statement to the police was admissible, rendering an illogical inconsistency that should not be tolerated.
>
> III. A defendant can be denied the effective assistance of counsel in a plea-based conviction when trial counsel fails to investigate adequately and secure suitable expert assistance in the preparation and presentation of a defense. The trial court erred in denying the motion to withdraw the plea without an evidentiary hearing when Mr. Batts should have been allowed to bring forth evidence of a Sixth Amendment violation and the Court should remand for an evidentiary hearing.
>
> IV. A criminal defendant has a constitutional right to the effective assistance of appellate counsel. Mr. Batts was denied his right to have adequate assistance of appellate counsel under the Sixth and Fourteenth Amendments to the United States Constitution where appellate counsel failed to investigate and file an appropriate motion to withdraw plea and failed to pursue the issue in a way that would be successful.

Mich. Ct. App. 357444 at PageID.2138–2139 (Dkt. 16-27).

2

On August 6, 2021, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." Id. at PageID.2129. Petitioner raised the same four claims before the Michigan Supreme Court, but on May 3, 2022, the Michigan Supreme Court denied his application for leave to appeal by form order. Mich. Supreme Ct. 163669 at PageID.3535 (Dkt. 16-28).

On June 21, 2022, Petitioner submitted to the trial court a motion for relief from judgment, raising four claims:

> I. Due process entitles defendant to withdraw his no contest plea where prosecutor withheld material, exculpatory, favorable, impeachable, and discovery evidence.
>
> II. Due process entitles defendant to withdraw his no contest plea where court appointed defense counsel provided ineffective assistance by stipulating to use preliminary exam transcripts as factual basis for defendant's plea. Insufficient factual basis.
>
> III. Due process entitles defendant to withdraw his no contest plea where the trial court failed [to] apprise defendant of the elements of either first-degree murder, second-degree murder or felony murder.
>
> IV. Due process, good cause, and actual prejudice allo[w] these issues to be heard on the merits where appointed appellate counsel provided ineffective assistance by failing to raise these issues by a timely application for leave to appeal.

Mot. for Relief from J. at PageID.2076 (Dkt. 16-26).

The trial court clerk did not file the motion for relief from judgment until September 6, 2022, and the motion is still pending. Resp. to Mot. to Dismiss at PageID.3593 (Dkt. 17).

Petitioner submitted his federal habeas petition on November 7, 2022, raising the claims he presented to the state courts on direct review and three of the claims presented to the trial court in his motion for relief from judgment. Pet. at PageID.76–77 (Dkt. 5).

In the months following the filing of his petition, Petitioner filed two motions seeking an evidentiary hearing and one seeking immediate habeas relief (Dkts. 9, 10, 12).

3

Respondent, noting that the habeas petition contained unexhausted claims, filed a motion to dismiss the petition pending Petitioner's completion of state post-conviction review (Dkt. 15).

Petitioner filed a response, confirming that he wished to pursue state court relief with respect to his unexhausted claims and seeking a stay of the case rather than dismissal without prejudice (Dkt. 17). Petitioner also filed a motion for his release on bond pending exhaustion (Dkt. 18).

## II. DISCUSSION

### A. Exhaustion

The parties agree that Petitioner has not fully exhausted all his habeas claims because his motion for relief from judgment remains pending in the Wayne Circuit Court. The difference between the parties' positions is that Respondent asks for the petition to be dismissed without prejudice on exhaustion grounds, while Petitioner asks that the petition be stayed and held in abeyance until he completes state review.

A federal habeas petitioner must exhaust remedies available in the state courts before filing the petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" all of his or her federal claims to the state courts so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon those claims. See O'Sullivan, 526 U.S. at 842; Rayner v. Mills, 685 F.3d 631, 643 (6th Cir. 2012).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a state prisoner filed a habeas petition that included both unexhausted and exhausted claims, as here, district courts were directed to dismiss the petition. Rose v. Lundy, 455 U.S. 509, 522 (1982). Prior to AEDPA, such a dismissal did not prejudice the prisoner because,

after presenting his or her claims to the state courts, the prisoner could later return to federal court and proceed with the claims.

AEDPA's one-year statute of limitations, however, made such dismissals more consequential. If a federal court dismissed an unexhausted petition near the end of the one-year period, it would be difficult for the prisoner to exhaust state court remedies and then timely refile the federal petition. See Rhines v. Weber, 544 U.S. 269, 275 (2005). Under Rhines, instead of dismissing a mixed petition where the statute of limitations posed a concern, a district court was granted discretion to hold the petition in abeyance. Id.

Here, the Michigan Supreme Court denied Petitioner's application for leave to appeal on May 3, 2022. The one-year clock for filing his federal habeas petition was set to start 90 days later when his conviction became final, on or about August 3, 2022. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009). Petitioner, however, mailed his motion for relief from judgment to the trial court in June 2022, and the clerk filed the motion in September 2022. The one-year limitations period does not run during the period Petitioner has a properly filed application for post-conviction review pending in the state courts. See 28 U.S.C. § 2244(d)(2). Accordingly, the statute of limitations either did not start running (if the June date is used), or, at most, about one month ran on the period (if the September date is used) before it started tolling on account of Petitioner's state post-conviction motion. Petitioner has at least eleven months—if not the full year—to re-file his federal habeas petition if the petition is dismissed on exhaustion grounds rather than stayed. Because the one-year statute of limitations does not present a difficulty for Petitioner, a stay is not warranted under Rhines. The appropriate course of action is dismissal of the mixed petition under Rose.

Because the Court dismisses the case without prejudice, it denies as moot Petitioner's motions for an evidentiary hearing and to "nullify error." Petitioner may refile those motions after he refiles his federal petition upon completion of state-court review.

Petitioner also filed a motion for immediate release, contending that he is entitled to bond from this Court while he pursues state post-conviction review. To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993); see also Nash v. Eberlin, 437 F.3d 519, 526 n.10 (6th Cir. 2006). A habeas petitioner may meet this standard in some circumstances. Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990). However, Petitioner fails to demonstrate exceptional circumstances justifying his release on bond. Therefore, the Court denies the motion.

### B. Certificate of Appealability

To appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). To satisfy § 2253(c)(2), Petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (punctuation modified). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that the petition is subject to dismissal for Petitioner's failure to exhaust his state court remedies. Therefore, the Court denies a certificate of appealability.

### C. Leave to Proceed In Forma Pauperis on Appeal

A court may grant an application for leave to proceed in forma pauperis on appeal if it finds that an appeal can be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(2). "Good

faith" requires a showing that the issues raised are not frivolous. Foster v. Ludwick, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). The Court denies Petitioner permission to appeal in forma pauperis because any appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

### III. CONCLUSION

For the reasons set forth above, the Court grants Respondent's motion to dismiss (Dkt. 15) and dismisses without prejudice the petition for writ of habeas corpus. It denies as moot Petitioner's motion to nullify error (Dkt. 9) and motions for an evidentiary hearing (Dkts. 10, 12), and it denies Petitioner's motion for release from custody (Dkt. 18). It denies a certificate of appealability and denies Petitioner leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: June 21, 2023　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge